FILED **ORIGINAL**

08 JUL 28 AM 10: 38 3555 CW

RICHARD W. ...
... ...

1    <u>COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983</u>

2

3    Name <u>BAKER, REGINALD, L.</u>

4         (Last)          (First)          (Initial)

5    Prisoner Number <u>F-24891</u>

6    Institutional Address <u>P.O. Box 7500; Crescent City, CA 95532</u>

7    _____

8    ═══════════════════════════════════════════

9         **UNITED STATES DISTRICT COURT**    **CW**
         **NORTHERN DISTRICT OF CALIFORNIA**

10

11   <u>REGINALD L. BAKER,</u>
     (Enter the full name of plaintiff in this action.)

12                                vs.        **CV 08** Case No.  **3592**
                                         (To be provided by the clerk of court)

13   <u>M. CATE, SECRETARY CDCR, ET AL.</u>

14   <u>N. GRANNIS, CHIEF IAB; J. HUTCHINS, CAPT;</u>    **COMPLAINT UNDER THE**
                                              **CIVIL RIGHTS ACT,**
15   <u>R.A. HOREL, WARDEN PBSP; M.D. YAX, A.W.</u>      **42 U.S.C §§ 1983**
                                              **(JURY TRIAL DEMAND)**
16   <u>PBSP; C.E. DUCART, CAPT. PBSP; S. BRADLEY, SGT. PBSP)</u>
     (Enter the full name of the defendant(s) in this action))

17   _____

18   *[All questions on this complaint form must be answered in order for your action to proceed..]*

19   I.    <u>Exhaustion of Administrative Remedies</u>

20        [**Note:** You must exhaust your administrative remedies before your claim can go

21        forward. The court will dismiss any unexhausted claims.]

22        A.    Place of present confinement <u>PELICAN BAY STATE PRISON</u>

23        B.    Is there a grievance procedure in this institution?

24              YES (✓)    NO ( )

25        C.    Did you present the facts in your complaint for review through the grievance

26              procedure?

27              YES (✓)    NO ( )

28        D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                          - 1 -
* CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _WAIVED; FORMAL LEVEL, WAIVED ALSO (SEE EXHIBIT "B" ATTACHED)_

_____ 2. First formal level _APPEAL No: PBSP BO7-2000; FILED, SEPT. 16, 2007; DENIED SEPT. 26, 2007. (SEE EXHIBIT "C" ATTACHED)_

3. Second formal level _APPEAL No: PBSP BO7-2000; FILED OCTOBER 10, 2007; DENIED OCTOBER 25, 2007; DELIVERED ON NOV. 9, 2007 (SEE EXHIBIT "D" ATTACHED)_

4 Third formal level _APPEAL No: PBSP BO7-2000 (IAB CASE No: 0713565); FILED NOV. 15, 2007; DENIED APRIL 10, 2008 (SEE EXHIBIT "E" ATTACHED)_

E.    Is the last level to which you appealed the highest level of appeal available to you?

    YES (✓)    NO (  )

F.    If you did not present your claim for review through the grievance procedure, explain why. _N/A_

_____

_____

II.    Parties

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

_REGINALD L. BAKER; P.O. BOX 7500; CRESCENT CITY, CA 95532_

_____

_____

B.    Write the full name of each defendant, his or her official position, and his or her

1      place of employment.

2  M. CATE, SECRETARY CDCR; 1515 "S" STREET; SAC. CA 95814; N. GRANNIS, CHIEF IAB,

3  1515 "S" STREET; SAC. CA 95814; J. HUTCHINS, FAC. CAPT., 1515 "S" STREET. SAC. CA

4  95814; R.A. HOREL, WARDEN PBSP, 5905 LAKE EARL DR.; CRESCENT CITY, CA 95532;

5  M.D. YAX, ASSOC. WARDEN PBSP; 5905 LAKE EARL DR.; CRESCENT CITY, CA 95532; C.E.

6  DUCART, CAPT. PBSP; 5905 LAKE EARL DR.; CRESCENT CITY, CA 95532; AND III.

7  S. BRADLEY, SGT. PBSP; 5905 LAKE EARL DR; CRESCENT CITY, CA 95532
    Statement of Claim

8      State here as briefly as possible the facts of your case. Be sure to describe how each

9  defendant is involved and to include dates, when possible. Do not give any legal arguments or

10  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11  separate numbered paragraph.

12  CALIFORNIA CODE OF REGULATIONS, TITLE 15, SECTION 3006, IS CONSTI-

13  TUTIONALLY OVERBROAD AND VIOLATES INMATE'S RIGHTS PROTECTED BY

14  THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION. THE CALIFOR-

15  NIA DEPARTMENT OF CORRECTIONS (CDCR) IS USING THIS REGULATION TO

16  TOTALLY BAN ANY MATERIAL CONTAINING WHAT, IN THEIR OPINION, IS

17  SEXUALLY EXPLICIT OR OBSCENE. THIS INCLUDES LETTERS, BOOKS WITHOUT

18  PICTURES WHICH DESCRIBE SEXUAL SITUATIONS, ARTISTIC MATERIAL WHICH

19  MAY CONTAIN SOME NUDITY, AND EVEN MAGAZINES SUCH AS NATIONAL

20  GEOGRAPHIC ARE SUBJECT TO APPROVAL. THIS REGULATION LEAVES INMATES

21  NO ALTERNATIVE MEANS BY WHICH THEY CAN EXERCISE THEIR CONSTITU-

22  TIONAL RIGHT. HERE, SOMETIME PRIOR TO SEPTEMBER 9, 2007, THE PLAINTIFF,

23  IN GOOD FAITH, ORDERED, THROUGH HIS FAMILY, TWO (2) ART BOOKS ENTITLED

24  "WWW.HRGIGER.COM" AND     (CONTINUED ON NEXT PAGE)

25  IV.    Relief

26      Your complaint cannot go forward unless you request specific relief. State briefly exactly

27  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28  THAT THE DEPARTMENT OF CORRECTIONS, THROUGH ITS SECRETARY, BE
                                       (SEE PAGE 4)

COMPLAINT          - 3 -
* CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

"Saverio Tenuta Elegia", from the Bud Plant Comic Art Catalog. The approximate value of the books is $50.00. There was nothing in the catalog to indicate that either book may contain any "adult material".

On September 9, 2007, the Plaintiff received a "Notice of Disapproval" (CDC form 1819) from Receiving and Release at Pelican Bay State Prison. The document informed him that two (2) art books were being disallowed by C.E. Ducart, Warden's Designee, because they purportedly contained "sexually explicit material showing frontal nudity and various sexual situations not covered by [CCR] Section 3006 (c)(17)(B)(1)(2)." (See exhibit "A" attached; this document is not the same one I received on Sept. 9, 2007, but is a copy that I was given during the interview conducted at the First Level of Appeal, that is why the dates don't match.) On September 11, 2007, the Plaintiff, via a request for interview form, informed R&R that he felt that these books fit the exemption provided in Section 3006 (B)(2) and was therefore going to appeal the issue. In that same communication he requested a reasonable accommodation by authorizing them to mark-out or black-out the offending material. He made this suggestion because he was informed that there was only three (3) pages (9, 27, and 28) in "Saverio Tenuta Elegia", and five (5) pages (5, 57, 108, 117, and 122) in "www. HRGiger. com." (See exhibits "D" and "F" attached.) However, R&R rejected his request saying that they cannot alter books so he would have to mail them out, donate them, or authorize their destruction.

As a result the Plaintiff filed a CDC 602 Inmate Appeal on September 16, 2007, claiming that his books were exempt per CCR, Title 15, Section 3006 (B)(2). (See exhibit "B" attached.) On September 26, 2007, the Plaintiff was interviewed by Sergeant S. Bradley, the R&R sergeant assigned at the First Level of Appeal. During that interview the Plaintiff again asked that an accommodation be made by simply removing the offending pages

FROM THE BOOKS AND ALLOWING HIM TO HAVE THE REMAINDER. HE EVEN OFFERED TO SIGN A WAIVER RELIEVING THE DEPARTMENT AND STAFF OF ANY RESPONSIBILITY FOR ANY DAMAGE WHICH MAY RESULT. SGT. BRADLEY JUST REITERATED WHAT PLAINTIFF HAD BEEN TOLD BY OTHER R&R STAFF. HE ALSO EXPLAINED THAT SHOULD PLAINTIFF BE DENIED AT THE SECOND LEVEL OF APPEAL, PLAINTIFF WOULD HAVE TO MAILOUT, DONATE, OR DESTROY THE BOOKS. HE TOLD PLAINTIFF THAT HE WOULD HAVE TO SIGN A TRUST WITHDRAWAL FORM TO COVER POSTAGE. THE PLAINTIFF ASKED IF HE COULDN'T JUST PROVIDE R&R WITH THE PROPER AMOUNT OF STAMPS TO COVER THE POSTAGE BECAUSE HE DOESN'T HAVE ANY MONEY IN HIS TRUST ACCOUNT. THE SERGEANT SAID THAT IT HAD TO BE BY WAY OF HIS TRUST ACCOUNT, OR THE BOOKS WOULD BE DESTROYED. SHORTLY THEREAFTER, PLAINTIFF RECEIVED THE FIRST LEVEL APPEAL RESPONSE WHICH WAS DENIED ON SEPTEMBER 26, 2007. IN THE RESPONSE CAPTAIN DUCART AND ASSOCIATE WARDEN YAX CITED TO CCR, TITLE 15, SECTION 3006 (C)(15)(17) AND (C)(17)(B); CALIFORNIA PENAL CODE SECTION 2601; AND MAURO V. ARPAIO, 188 F. 3d 1054 (CA. 9th CARIZ.) 1999), TO SUPPORT THEIR ACTION. THEY ALSO REITERATED THE FACT THAT PLAINTIFF WOULD HAVE TO PROVIDE A "SIGNED TRUST WITHDRAWAL WITH AN ADDRESS OF WHERE YOU WANT THE BOOK [SIC] SENT. IT'S NOTED THAT AS OF SEPTEMBER 26, 2007, YOU HAD NO MONEY IN YOUR TRUST ACCOUNT." (SEE EXHIBIT "C" ATTACHED)

ON OCTOBER 8, 2007, THE PLAINTIFF EXPLAINED HIS OBJECTIONS AND SENT HIS 602 TO THE SECOND LEVEL OF APPEAL. ON OCTOBER 25, 2007, CCII D'ENICO, ACTING FOR THE WARDEN, DENIED THE APPEAL AT THE SECOND LEVEL. IN HIS SECOND LEVEL RESPONSE, DATED NOVEMBER 7, 2007, WARDEN HOREL CITES TO OPERATIONAL PROCEDURE 205, INMATE MAIL; AND CCR, TITLE 15, SECTION 3006; 3006 (C)(16)(17); 3006 (C)(11). HE FURTHER INFORMED PLAINTIFF THAT; "AS THIS APPEAL HAS BEEN DENIED AT THE SECOND LEVEL OF REVIEW, THE INMATE HAS FIFTEEN DAYS FROM THIS RESPONSE TO INFORM SERGEANT BRADLEY CONCERNING HIS DECISION FOR THE DISPOSITION OF THE NON ALLOWABLE CATALOG. [SIC] IF HE WISHES TO SEND THE ITEM [SIC] OUTSIDE OF THE

INSTITUTION, HE MUST PROVIDE A SIGNED TRUST WITHDRAWAL FORM SUFFICIENT TO COVER THE COST OF POSTAGE. ("SEE EXHIBIT "D" ATTACHED)

ON NOVEMBER 11, 2007, PLAINTIFF FILED HIS DIRECTOR'S LEVEL APPEAL WITH THE DEPARTMENT IN SACRAMENTO. (SEE EXHIBIT "B" ATTACHED) HE AGAIN ASKED THE DEPARTMENT TO MAKE A REASONABLE ACCOMMODATION BY REMOVING THE OFFENDING PAGES. ON APRIL 10, 2008, THE DIRECTOR'S LEVEL APPEAL DECISION WAS RELEASED, DENYING PLAINTIFF'S APPEAL. IN HIS WRITTEN OPINION THE DIRECTOR, THROUGH APPEALS EXAMINER J. HUTCHINS, FACILITY CAPTAIN, CITED TO CALIFORNIA PENAL CODE SECTION 2601; CCR, TITLE 15, SECTIONS 3001, 3006, 3136, 3138, 3147, TO SUPPORT HIS DECISION. THIS OPINION WAS SIGNED, AND THEREBY APPROVED, BY N. GRANNIS, CHIEF OF THE INMATE APPEALS BRANCH. (SEE EXHIBIT "E" ATTACHED)

WHILE PLAINTIFF CONCEDES THE FACT THAT THERE IS A VALID RATIONAL CONNECTION BETWEEN THIS POLICY AND THE DEPARTMENT'S INTEREST IN PREVENTING THE SEXUAL HARASSMENT OF ITS EMPLOYEES, HE DOES NOT, HOWEVER, BELIEVE THAT A TOTAL BAN ON ALL SEXUAL EXPRESSION IS THE ANSWER. THE CURRENT REGULATION LEAVES NO ALTERNATIVE MEANS OF EXERCISING HIS RIGHT. IT SIMPLY BANS ALL FORMS OF SEXUAL EXPRESSION. SEXUAL EXPRESSION IS AS NATURAL AS EATING, SLEEPING, OR BREATHING. TO TOTALLY BAN ALL FORMS OF SEXUAL EXPRESSION CANNOT BE GOOD FOR THE PHYSICAL OR EMOTIONAL WELLBEING OF ANY PERSON, INCLUDING INMATES. IT IS PLAINTIFF'S CONTENTION THAT THE DEPARTMENT'S GOALS CAN BE ACHEIVED THROUGH REASONABLE ALTERNATIVES, SUCH AS SEVERE DISCIPLINARY SANCTIONS OR EVEN PROSECUTION WHERE NECESSARY.

THAT CONTENTION IS SUPPORTED BY THE DEPARTMENT'S DECISION TO ENACT A NEW DIRECTOR'S RULE CHANGE. ON FEBRUARY 23, 2007, IT MADE EFFECTIVE NEW RULES AMENDING THE CCR, TITLE 15, TO ADDRESS THE STATEWIDE PROBLEM OF INDECENT EXPOSURE AND SEXUAL DISORDERLY CONDUCT. (SEE EXHIBIT "H" ATTACHED) THIS RULE CHANGE

WAS PRECEEDED BY A TWO (2) YEAR PILOT PROGRAM HERE AT PELICAN BAY. THE FACT THAT THIS RULE IS NECESSARY IS STRONG EVIDENCE THAT THE TOTAL BAN ON SEXUAL EXPRESSION IS NOT WORKING, AND SHOWS THAT INMATES WHO ARE INCLINED TO SEXUALLY HARASS PRISON STAFF HAVEN'T BEEN DETERED. THE ONLY THING THAT HAS HAPPENED IS THAT THE GENERAL INMATE POPULATION, WHO BY AND LARGE TREAT PRISON STAFF WITH DIGNITY AND RESPECT, ARE BEING DENIED THEIR RIGHTS. IT WOULD NOT CAUSE THE DEPARTMENT ANY SIGNIFICANT HARDSHIP TO AMEND THIS NEW RULE TO INCLUDE ANYONE WHO INTENTIONALLY EXPOSED ANY CDCR EMPLOYEE TO PICTURES, DRAWINGS, OR WRITTEN MATERIAL WHICH IS OF A SEXUAL NATURE WITH THE INTENT TO HARASS THAT EMPLOYEE SEXUALLY. THAT WOULD ALLOW INMATES WHO ARE NOT INCLINED TO ACT IN SUCH A MANNER TO EXERCISE THEIR RIGHT TO FREEDOM OF SEXUAL EXPRESSION WHILE HOLDING THE TRUE CULPRITS TO ANSWER FOR THEIR OWN ACTIONS. ACCOMMODATING THIS RIGHT WOULD HAVE NO SIGNIFICANT NEGATIVE IMPACT ON PRISON GUARDS, OTHER INMATES OR THE ALLOCATION OF PRISON RESOURCES.

IT IS PLAINTIFF'S CONTENTION THAT THIS REGULATION IS AN EXAGGERATED RESPONSE TO THE CONCERNS OF THE DEPARTMENT. THE DEPARTMENT CAN ACHEIVE THE GOALS THROUGH DISCIPLINARY ACTION AND LEGAL PROSECUTION. FURTHERMORE, THERE ARE OTHER SIMPLE ALTERNATIVES TO THE CURRENT POLICY OF REJECTING BOOKS, MAGAZINES, AND ARTISTIC REFERENCE MATERIAL WHICH MAY CONTAIN SOME OBJECTIONABLE MATERIAL. SIMPLY ALLOW THE INMATE THE OPTION OF HAVING THE OBJECTIONABLE MATERIAL REMOVED. THIS WOULD PROTECT INMATE'S IN PLAINTIFF'S POSITION WHO ORDER MATERIALS THROUGH CATALOGS AND HAVE NO WAY OF KNOWING WHAT IT MAY CONTAIN. HERE, PLAINTIFF LOST $50.00 WORTH OF ARTISTIC REFERENCE MATERIAL BECAUSE OF A FEW PAGES OF OBJECTIONABLE MATERIAL.

It would not have been any burden on the Department to grant Plaintiff's request for this accommodation. He even offered to waive liability claims in order to protect the Department and staff. This alternative suggestion would not involve any additional effort on the part of the reviewing employee or the Department. A simple waiver form could be created which the inmate would be required to sign prior to the removal of the offending material.

As Plaintiff has pointed out this regulation is overbroad, and is simply an exaggerated response to a situation which can and should be dealt with in disciplinary hearings and courts of law. As such it should be declared an unconstitutional rule and either stricken or amended to provide for the right in question.

//

//

//

//

//

//

-3e- Baker v. Cate, et al.

1    ENJOINED FROM ENFORCEMENT OF CCR, Title 15, Section 3006,

2    AS IT IS CURRENTLY WRITTEN. THAT THE SECTION BE AMENDED TO

3    PROVIDE FOR EXCEPTIONS REGARDING ART MATERIAL; BOOKS WITHOUT

4    PICTURES; LETTERS; ETC., ETC. THAT PLAINTIFF BE MADE WHOLE BY

5    REIMBURSEMENT FOR HIS BOOKS, LEGAL EXPENSES, AND ANY OTHER

6    DAMAGES THE COURT SEES FIT TO ORDER.

7        I declare under penalty of perjury that the foregoing is true and correct.

8

9        Signed this _21_ day of _July_, 20 _08_

10

11        X _Reginald L. Baker_

12                **(Plaintiff's signature)**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT           - 4 -

# EXHIBITS A~H

STATE OF CALIFORNIA
CDC 1819 (Rev. 6/98)

DEPARTMENT OF CORRECTIONS

## NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

| INMATE'S NAME | CDC NUMBER |
|---|---|
| R. BAKER | F-24891 |

## MAIL / PACKAGES SECTION (Complete for mail or package cases only)

[X] INCOMING MAIL/PACKAGE          [ ] OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

TWO BOOKS. H.R. GIGER  WWW. FIXGIGER.COM  AND SAVEKIDTENOTH ELEGIA

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

3006(C)(15)(B)(C)(1)(2) +17(11) BOOKS DISPLAY SEXUALLY EXPLICIT MATERIAL SHOWING FRONTAL

NUDITY AND VARIOUS SEXUAL SITUATION NOT COVERED BY 3006(C)(17)(B)(1,3,2)

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| [ ] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME  Bud Plant  MI  Comic Art | | LAST NAME |
| [ ] RETURNED TO SENDER_____ (At Inmate's Expense)   (Date) | ADDRESS (NUMBER AND STREET)  13393  GRASS VALLEY  DR #7 | | |
| [ ] DESTROYED | CITY  GRASS VALLEY | STATE  CA | ZIP CODE  95945 |
| *(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE)  R Baker II | | DATE SIGNED  9-20-07 |

## AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| D. Durst | C. Durst | 9/25/07 | 9-20-2007 |

## PUBLICATIONS SECTION (Complete for publication cases only)

| TITLE OF PUBLICATION (Include issue/date) | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|
| | | |

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

| DISPOSITION | DESIGNEE INFORMATION | | |
|---|---|---|---|
| [ ] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
| [ ] DESTROYED | ADDRESS (NUMBER AND STREET) | | |
| [ ] RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE _____ (Date) | CITY | STATE | ZIP CODE |
| **(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

## AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| | | | |

DISTRIBUTION:
ORIGINAL - MAILROOM
CANARY - INMATE
PINK - SENDER / DESIGNEE

* ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF

** ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN.

-6-

A

COPY 1 of 2
DISALLOWED
BOOKS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: **PBSP**   Institution/Parole Region
1. _____   2. _____

Log No. **B07-2000**
1. _____   2. _____

Category (3) 5

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Baker | F-24891 | B7 Porter | B7-230 |

A. Describe Problem: On 9-9-07 R&R recieved 2 Art Books sent by Bud Plants Book company. on 9-10-07 I recieved A Pelican Bay R&R property disposition form stating said Books contain sexually explicit material and I can not have them.

Said Books are Art Books and are allowed by CDCR rules Title 15 3006(B)2.

The material in no way depicts sex and is no more explicit than the Education Channels

If you need more space, attach one additional sheet.

B. Action Requested: Recieve my Books

Inmate/Parolee Signature: Reginald Baker   Date Submitted: 9-16-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

~~BYPASS~~

2nd INMATE APPEALS
BRANCH
NOV 19 2007
RECEIVED

2nd Level Notto Reply R&R Porter no last 128

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

SEP 17 2007   OCT 10 2007
1ST AW-CS   2ND APPEALS

B

First Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other 9-17-07

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9-17-07  Due Date: 10-30-07

Interviewed by: S BRADLEY 9-26-2007

Staff Signature: _____  Title: CAPT @  Date Completed: 9-26-07

Division Head Approved:
Signature: _____  Title: AWCO  Returned Date to Inmate: 9/28/07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I Disagree with the response. I think that if I can do Adault time I should be able to have Adault Material. The Art Books I'm asking for are drawings of fictional characters not real people. There is no Photography, (continued on Page 2)

Signature: Reginald Baker II  Date Submitted: 10-8-07

Second Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other 10-10-07

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 10-10-07  Due Date: 11-07-07

☒ See Attached Letter

Signature: _____ O'Enrico, CA II  Date Completed: 10/25/07

Warden/Superintendent Signature: _____  Date Returned to Inmate: 11/09/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I Disagree with Warden Horel response. Both Books consist of Art (Works, such as Paintings, Drawing or Poetry, Resulting from Such Activity) (American Heritage Dictionary) The Saverio Trenta Elegia only contains 3 Pages dipicting womens breast. The www.HRGiger.com contains 5 Pages sexaully explicit Images. The Body male or female has Contained Artistic Value Sence before Leonardo da Vinci (con. Pg 2)

Signature: Reginald Baker II  Date Submitted: 11-15-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other
☒ See Attached Letter  Date: APR 1 0 2008

CDC 602 (12/87)

-8-

0713565

Page 2 of 2

(F)

In the Saverio Tenata Elegia Book. There for I don't see why I can not have it. I understand the H.R. Giger is graphic There for I am not concerned About it.   Thank you.

B

(H)

(15th century Artist) I do not Appreciate the violation of my right to obtain Artistic material. Both Books are based on Fictional characters. There is no Photographs of real people in ~~not~~ either Books. I would Appreciate it if my Art Books were given to me. I have also exspressed my willingness to remove the nudity from both Books. I was told they weren't allowed to Damage Books. But I Don't see why they (R&R) can cut hard Covers off Books But they Can not remove A Couple Pages That Allegedly contains Sexually suggestive contents. By R&R cutting the covers off Books But not Pages is violating §3004(a)

Title 15                    11-15-07

Reginald Beckett

# FIRST LEVEL APPEAL RESPONSE

RE:    PELICAN BAY STATE PRISON
       Appeal Log No. PBSP-B07-02000
       First Level Reviewer's Response

**INMATE NAME:**    BAKER    F-24891

**APPEAL DECISION:**    **DENIED**

**APPEAL ISSUE:**

You are requesting the art books (WWW. HRGIGER.COM and Saverio Tenuta Elegia) be issued to you under the guidelines specified in the California Code of Regulations (CCR), Title 15, Section 3006 (B)(2).

**APPEAL RESPONSE:**

A review of your appeal has been completed. Your complaint, including your requested remedial action has received careful consideration. Correctional Sergeant S. Bradley was assigned to investigate your allegations at the First Level.

You were interviewed on Wednesday, September 26, 2007, and you had no further information regarding your appeal.

The CCR, Title 15, Section 3006, Contraband, states in part:

(c)    "Except as authorized by the institution head, inmates shall not possess or have under their control any matter which contains or concerns any of the following:

(15)    Obscene material and mail containing information concerning where, how, or from whom obscene material may be obtained.

(C)    Material subject to the tests in paragraphs (A) or (B) includes, but is not limited to material that:

(1)    Depicts, displays, or describes penetration of the vagina or anus, or contact between the mouth and the genitals.

(2)    Depicts, displays, or describes bestiality, sadomasochism, or an excretory function including urination, defecation, or semen.

(17)    Sexually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictorial format.

(A)    Sexually explicit material shall be defined as material that shows the frontal nudity of either gender, including the exposed female breast(s) and/or the genitalia of either gender.

(B)    The following sexually explicit material shall be allowed: 1. Departmentally purchased or acquired educational, medical/scientific, or artistic materials, such as books or guides purchased by the department for inclusion in institution libraries and/or educational areas; or 2. Educational, medical/scientific, or artistic materials, including, but not limited to, anatomy medical reference books, general practitioner reference books and/or guides, National Geographic, or artistic reference material depicting historical, modern, and/or post modern era art, purchased or possessed by inmates and approved by the institution head or their designee on a case-by-case basis."

~ 11 ~

C

First Level Appeal Response
Appeal Log No. PBSP-B07-02000
Inmate Baker, F-24891
Page 2

The CCR, Title 15, is supported by the California Penal Code (PC) Section 2601, Enumeration of Rights, which states in part:

(c) (1) "To purchase, receive and read any and all newspapers, periodicals, and books accepted for distribution by the United States Post Office. Pursuant to this section, prison authorities may exclude any of the following matter:

(A)    Obscene publications of writings, and mail containing information concerning where, how, or from whom this matter may be obtained."

Case law supports the California PC and the CCR. The Mauro v. Arpaio case, in the Ninth Circuit Court of Appeals upheld correctional policy prohibiting prisoners from possessing sexually explicit materials, defined as photographs, *drawings*, magazines, and/or pictorials showing frontal nudity.

**FINDINGS:**

A thorough review of your request has been completed. It is clearly stated in the CCR, Title 15, allowable sexually explicit material is that which is acquired for the inclusion into the institution libraries and/or educational areas. It has been determined that the books you have requested to receive meet the criteria as contraband and will not be issued to you. The books do contain frontal nudity and are not considered educational material, scientific in nature or artistic reference material depicting historical, modern, and/or post modern era art and must have approval by the institution head or their designee on a case-by-case basis. Saverio Tenuta Elegia is a collection of drawings, some of which depict nudity. WWW. HRGIGER.COM is a collection of art created by H.R. Giger, and there are numerous photos which violate the CCR, Title 15, Section 3006 (c)(15)(17). The books are not considered reference books as intended in the CCR, Title 15, Section 3006 (c)(17)(B), and case law. The books have been disapproved by the institutional designee.

BAKER, you must send a signed trust withdrawal with an address of where you want the book sent. It is noted that as of September 26, 2007, you had no money in your trust account.

Based on the above, BAKER's appeal is **DENIED** at the First Level of Review.

C. E. DUCART                    9-26-07          C. Yax                    9/26/07
C. E. DUCART                    Date             M. D. YAX                Date
Correctional Captain                             Associate Warden
Central Services                                 Central Services

C

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: NOV 0 7 2007

Inmate BAKER, F24891
Pelican Bay State Prison
Facility B, General Population Unit
Building 7, Cell 230

RE: WARDEN'S LEVEL DECISION
    APPEAL LOG NO. PBSP-B-07-02000

APPEAL: DENIED
ISSUE: MAIL

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). On September 26, 2007, Correctional Sergeant S. Bradley conducted the interview at the First Level of Review.

## ISSUES

Inmate Baker requests to receive two disallowed art books *WWW.HRGIGER.COM* and *Saverio Tenuta Elegia.*

## FINDINGS

I

The inmate contends that the disallowance of these books is unjustified and in violation of California Code of Regulations (CCR), Title 15, Section 3006. The inmate alleges that the books are inappropriately being denied as the pictures do not contain any sexually explicit material.

II

The inmate was dissatisfied with the First Level response, stating that the drawings are "fictional characters" and therefore, they should be allowed.

## DETERMINATION OF ISSUE

The Operational Procedure 205, Inmate Mail, VI. Methods, Section T. Publications, states in part, *"All publications received at PBSP Mailroom will be reviewed to ensure they do not meet the contraband criteria established in the CCR, Title 15, Section 3006, Contraband."* Those publications found to meet the exclusionary criteria established by this section, will receive a CDC 1819, Notification of Disapproval-Mail/Packages/Publications.

The CCR, Title 15, Section 3006, Contraband, states in part, *"Inmates may possess only the personal property, materials, supplies, items, commodities and substances, up to the maximum amount, received or obtained from authorized sources, as permitted in these regulations. Possession of contraband as defined in section 3000 may result in disciplinary action and*

- 13 -

Supplement Page 2
BAKER, F24891
Appeal # PBSP-B-07-02000

*confiscation of the contraband... (c) Except as authorized by the institution head, inmates shall not possess or have under their control any matter which contains or concerns any of the following... (11) Catalogs, advertisements, brochures, and material whose primary purpose is to sell a product(s) or service(s) and when taken as a whole, lacks serious literary, artistic, political, educational, or scientific value."*

A thorough investigation was conducted at the First Level of Review. The book titled, *Saverio Tenuta Elegia* is a collection of drawings, some which depict nudity. The *WWW.HRGIGER.COM* contains numerous photos depicting frontal nudity and female genitalia which violates CCR, Title 15, Section, 3006 ( c) (15) (17). The inmate received a CDCR 1819, Notification of Disapproval-Mail/Package/Publications form dated September 25, 2007, disapproving the books, *Saverio Tenuta Elegia* and *WWW.HRGIGER.COM*, as contraband, due to sexually explicit material, frontal nudity, and various sexual situations.

The Second Level Reviewer reviewed the disapproved books. Both books contain frontal nudity throughout their content. *Saverio Tenuta Elegia* depicts specific drawings of women with exposed breasts on pages 9, 27, and 28. *WWW.HRGIGER.COM* depicts drawings of women's breasts, genitalia, and various sexual explicit images on pages 5, 57, 108, 117, and 122. The drawings of the females within the books are deemed sexually suggestive and contain frontal nudity. The primary purpose of the books, when taken as a whole, lacks serious literary, artistic, political, educational, or scientific value. Therefore, the books do meet the criteria of contraband.

Per the CCR, Title 15, Section 3006 (c) (11), the art books were appropriately disallowed. This APPEAL IS DENIED.

As this appeal has been denied at the Second Level of Review, the inmate has fifteen days from this response to inform Sergeant Bradley concerning his decision for the disposition of the non allowable catalog. If he wishes to send the item outside of the institution, he must provide a signed trust withdrawal form sufficient to cover the cost of postage.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

CMD #4    10/25/07

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  APR 1 0 2008

In re:  Reginald Baker, F24891
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0713565          Local Log No.: PBSP-07-02000

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Hutchins, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position that the institution inappropriately disallowed two art books he ordered from Bud Plant Comic Art. The appellant contends that the books should have been permitted pursuant to the California Code of Regulations (CCR), Title 15, Section 3006 (B)(2). The appellant states that the material "in no way depicts sex and is no more explicit than the education channels". The appellant continues to argue that the books have artistic value and should be permitted. The appellant is requesting his books.

**II    SECOND LEVEL'S DECISION:**  The reviewer found that the institution conducted a thorough review of the inmate's appeal and that their denial of the appeal at the First Level Review (FLR) and at the Second Level Review (SLR)) is based on State law and Departmental regulations. During the review process the appellant was informed that the books do contain frontal nudity which is prohibited when not deemed "...educational material, scientific in nature or artistic reference material depicting historical, modern, and/or post-modern era art...", pursuant to the CCR, Title 15, Section 3006, books meeting this criteria must be Departmentally purchased or obtained for inclusion in the institution libraries and/or educational areas. The FLR and SLR provided the appellant with specific information concerning the content of the books which included drawings and photos which violate the CCR, Title 15, sections 3006 (c)(15)(17).

**III    DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

**A.    FINDINGS:**  It has been confirmed that the institution's decision to disallow the books in question is consistent with State law and Departmental regulations. The CCR, Title 15, Section 3006 is very clear on the issue of frontal nudity and under what conditions such material is permitted in the institution setting. Those conditions have not been met, in this matter. The appellant's argument that the material has artistic value and should be allowed is not persuasive. No relief is warranted at the Director's Level of Review.

**B.    BASIS FOR THE DECISION:**
California Penal Code Section: 2601
CCR: 3001, 3006, 3136, 3138, 3147

**C.    ORDER:**  No changes or modifications are required by the Institution.

E

REGINALD BAKER, F24891
CASE NO. 0713565
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP

E

COPY 1 of 3

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

DATE: 9-11-07

FROM (LAST NAME): R/Baker

CDC NUMBER: F-24691

HOUSING: B7

BED NUMBER: 1230

WORK ASSIGNMENT: B7 Porter

JOB NUMBER: 707

FROM ___ TO ___

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS
FROM ___ TO ___

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I recieved yesterday A Pelican Bay R+R Property Disposition
Form for 2 Books recieved 9-9-07. I am requesting
The Names of the Books and ~~~~~ Artist. you are currently
Holding. I am also informed you of my decision to file (continued
on p.17)

INTERVIEWED BY: Jo R/Goldbug    DATE: 9-12-07

DISPOSITION:
AO. R+R Cannot store Books, so if you
lose your Appeal you will have to mail Books
out or dispose of Books.

-17-

F

A CDC 602 form Pursuant to the Title 15 § 3006(B) 2. The following sexually explicit material shall be Allowed: Educational, Medical/Scientific or Artistic materials, including, but not limited to, Anatomy medical reference books, General Practitioner reference Books and/or guides, National geographic, or Artistic reference Material depicting Historical, modern and/or Post modern era Art, Purchased or Possessed by Inmates and Approved by the Institution head or their designee on a case-by-case basis.

I hope we can come to terms with this issue even if it means using a marker to Black out the Nudity.

Thank you for your time

Sincerely

R, Baker Ⅱ F-24891

— 18 —

F

# NOTICE OF PROPERTY DISPOSAL
## Attachment I

NAME _BAKER_          NUMBER _F 24891_    HOUSING _A7-231_

LOG # _9078 - Books/nudity_

**APPEALS CHECKED:**          APPEAL LOG# _____

    THERE HAS BEEN NO APPEAL ON THIS PROPERTY

X THE APPEAL WAS DENIED AND / OR HELD THROUGH THE SECOND LEVEL REVIEW

INMATE _BAKER_____, ON THIS DATE _11-13-0 7_____ YOU ARE BEING NOTIFIED, THAT THE THIRTY DAY WAITING PERIOD HAS EXPIRED ON THE UNALLOWED PROPERTY STORED IN RECEIVING AND RELEASE SINCE ___9-9-07____. PER INSTITUTIONAL PROCEDURE, AND CALIFORNIA CODE OF REGULATIONS, TITLE 15, DIRECTOR'S RULE 3190 YOUR PROPERTY BEING HELD AT R&R IS BEING DISPOSED OF. RECEIVING AND RELEASE HAD NO RESPONSE FROM YOU, EITHER PROVIDING FUNDS OR INSTRUCTIONS AS TO WHAT DISPOSITION YOU DESIRED WITH REGARDS TO YOUR PROPERTY.

***** NO FURTHER NOTICE WILL BE GIVEN! *****

DISPOSAL DATE: _11-13-07_____          RECEIVING AND RELEASE C/O _A Snellig_

Cc: Inmate
    Property File

-19-

G

| | **Department of Corrections and Rehabilitation**<br><br>**NOTICE OF CHANGE TO REGULATIONS**<br><br>**Sections 3000, 3315, 3323, and 3341.5** | **Number:**    **07/01** |
|---|---|---|
| | | **Date Issued:**    **03/09/07** |
| | | **Effective Date:**    **02/23/07** |

This notice announces the amendment to Sections 3000, 3315, 3323, and 3341.5 of the California Code of Regulations (CCR), Title 15, Crime Prevention and Corrections, to incorporate into the CCR provisions regarding inmate indecent exposure program.

## IMPLEMENTATION: IMMEDIATELY

## PUBLIC COMMENT PERIOD
Any person may submit written comments about the proposed regulations to the California Department of Corrections and Rehabilitation, Regulation and Policy Management Branch (RPMB), P.O. Box 942883, Sacramento, CA 94283-0001, by fax to (916) 341-7366, or by e-mail to _RPMB@cdcr.ca.gov_. All written comments must be received by the close of the public comment period, May 1, 2007 at 5:00 pm.

## PUBLIC HEARING INFORMATION
A public hearing regarding these proposed regulations will be held <u>May 1, 2007</u> from <u>9:00 am to 10:00 am</u> in the <u>Corrections Standards Authority, Large Conference Room – West Entrance, 660 Bercut Drive, Sacramento, CA 95814</u>. The purpose of the hearing is to receive oral comments about this action. It is not a forum to debate the proposed regulations. No decision regarding the permanent adoption of these regulations will be rendered at this hearing. Written or facsimile comments submitted during the prescribed comment period have the same significance and influence as oral comments presented at the hearing. This hearing site is accessible to the mobility impaired.

## POSTING
This notice shall be posted immediately upon receipt at locations accessible to inmates, parolees, and employees in each department facility and field office. Also, facilities shall make this notice available for review by inmates in segregated housing who do not have access to the posted copies and shall distribute it to inmate law libraries and advisory councils.

## CONTACT PERSON
Inquiries regarding this notice should be directed to Timothy M. Lockwood, Chief, RPMB, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001, by telephone (916) 341-7390 or e-mail _RPMB@cdcr.ca.gov_. Inquiries regarding the subject matter of these regulations may be directed to Nancy L. Hardy, Associate Warden, High Security and Transitional Housing, Division of Adult Operations at (916) 327-5034.

D. L. RUNNELS
Chief Deputy Secretary
Adult Operations

Attachment

-20-

## NOTICE OF ADOPTION OF EMERGENCY REGULATIONS

**California Code of Regulations**
**Title 15, Crime Prevention and Corrections**
**Department of Corrections and Rehabilitation**

**NOTICE IS HEREBY GIVEN** that the Secretary of the California Department of Corrections and Rehabilitation (CDCR), pursuant to the authority granted by Government Code Section 12838.5, Penal Code (PC) Section 5058, and the rulemaking authority granted by PC Section 5058.3, in order to implement, interpret and make specific PC Section 5054, proposes to adopt and amend Sections 3000, 3315, 3323, and 3341.5 of the California Code of Regulations (CCR), Title 15 concerning inmate indecent exposure.

### PUBLIC HEARING:

| | |
|---|---|
| Date and Time: | May 1, 2007 – 9:00 am to 10:00 am |
| Place: | Corrections Standards Authority |
| | Large Conference Room – West Entrance |
| | 660 Bercut Drive |
| | Sacramento, CA 95814 |
| Purpose: | To receive comments about this action. |

### PUBLIC COMMENT PERIOD:

The public comment period will close, May 1, 2007 at 5:00 p.m. Any person may submit public comments in writing (by mail, by fax, or by e-mail) regarding the proposed changes. To be considered by the Department, comments must be submitted to the CDCR, Regulation and Policy Management Branch, P.O. Box 942883, Sacramento, CA 94283-0001; by fax at (916) 341-7366; or by e-mail at *RPMB@cdcr.ca.gov* before the close of the comment period.

### CONTACT PERSON:

Please direct any inquiries regarding this action to:

**Timothy M. Lockwood, Chief**
**Regulation and Policy Management Branch**
**Department of Corrections and Rehabilitation**
**P.O. Box 942883, Sacramento, CA 94283-0001**
**Telephone (916) 341-7390**

In the event the contact person is unavailable, inquires should be directed to the following back-up person:

**Ann Cunningham**
**Regulation and Policy Management Branch**
**Telephone (916) 341-7390**

Questions regarding the substance of the proposed regulatory action should be directed to:

**Nancy L. Hardy, Associate Warden**
**High Security and Transitional Housing**
**Division of Adult Operations**
**Telephone: (916) 327-5034**

### LOCAL MANDATES:

This action imposes no mandates on local agencies or school districts, or a mandate which requires reimbursement pursuant to Government Code Section 17561.

## FISCAL IMPACT STATEMENT:

- Cost or savings to any state agency:                                      FY 06/07   $70,413
- Other nondiscretionary cost or savings imposed on
  local agencies:                                                                        *None*
- Cost or savings in federal funding to the state:                          *None*

## EFFECT ON HOUSING COSTS:

The Department has made an initial determination that the proposed action will have no significant effect on housing costs.

## COST IMPACTS ON REPRESENTATIVE PRIVATE PERSONS OR BUSINESSES:

The Department is not aware of any cost impacts that a representative private person or business would necessarily incur in reasonable compliance with the proposed action.

## SIGNIFICANT STATEWIDE ADVERSE ECONOMIC IMPACT ON BUSINESS:

The Department has initially determined that the proposed regulations will not have a significant statewide adverse economic impact directly affecting businesses, including the ability of California businesses to compete with businesses in other states.

## EFFECT ON SMALL BUSINESSES:

The Department has determined that the proposed regulations may not affect small businesses. It is determined that this action has no significant adverse economic impact on small business because they are not affected by the internal management of state prisons.

## ASSESSMENTS OF EFFECTS ON JOB AND/OR BUSINESS CREATION, ELIMINATION OR EXPANSION:

The Department has determined that the proposed regulation will have no affect on the creation of new, or the elimination of existing jobs or businesses within California, or affect the expansion of businesses currently doing business in California.

## CONSIDERATION OF ALTERNATIVES:

The Department must determine that no reasonable alternative considered by the Department, or that has otherwise been identified and brought to the attention of the Department, would be more effective in carrying out the purpose for which the action is proposed, or would be as effective and less burdensome to affected private persons, than the proposed regulatory action. Interested persons are accordingly invited to present statements or arguments with respect to any alternatives to the changes proposed at the scheduled hearing or during the written comment period.

## AVAILABILITY OF PROPOSED TEXT AND INITIAL STATEMENT OF REASONS:

The Department has prepared, and will make available, the text and the Initial Statement of Reasons (ISOR) of the proposed regulations. The rulemaking file for this regulatory action, which contains those items and all information on which the proposal is based (i.e., rulemaking file) is available to the public upon request directed to the Department's contact person. The proposed text, ISOR, and Notice of Proposed Action will also be made available on the Department's website http://www.cdcr.ca.gov.

## AVAILABILITY OF THE FINAL STATEMENT OF REASONS:

Following its preparation, a copy of the Final Statement of Reasons may be obtained from the Department's contact person.

## AVAILABILITY OF CHANGES TO PROPOSED TEXT:

After considering all timely and relevant comments received, the Department may adopt the proposed regulations substantially as described in this Notice. If the Department makes modifications which are sufficiently related to the originally proposed text, it will make the modified text (with the changes clearly indicated) available to the public for at least 15 days before the Department adopts the regulations as revised. Requests for copies of any

modified regulation text should be directed to the contact person indicated in this Notice. The Department will accept written comments on the modified regulations for 15 days after the date on which they are made available.

**INFORMATIVE DIGEST/POLICY STATEMENT OVERVIEW:**

Penal Code (PC) Section 5000 provides that commencing July 1, 2005, any reference to the Department of Corrections in this or any code, refers to the CDCR, Division of Adult Operations.

PC Section 5054 provides that the supervision, management, and control of the State prisons, and the responsibility for the care, custody, treatment, training, discipline, and employment of persons confined therein are vested in the director. Commencing July 1, 2005, the supervision, management, and control of the state prisons, and the responsibility for the care, custody, treatment, training, discipline, and employment of persons confined therein are vested in the Secretary of the CDCR.

PC Section 5058 authorizes the Director to prescribe and amend regulations for the administration of prisons.

PC Section 5058.3 authorizes the Director to adopt, amend, or repeal emergency regulations conducted pursuant to Government Code Section 11340.

- This action amends and adopts provisions governing the inmate indecent exposure within the California Department of Corrections and Rehabilitation (CDCR). This language is being amended as a result of a Court decision in the case of *Freitag vs. California Department of Corrections and Rehabilitation*, Case No. CV-00-02278-TEH, U.S. Court of Appeals for the Ninth Circuit. The original Indecent Exposure Program was implemented through a 24-month Pilot Program at Pelican Bay State Prison by Order Granting Injunctive Relief, U. S. Northern District Court Citation No. C00-2278-TEH (EDL).Judge Henderson, has stressed that a statewide rollout of the Program must be implemented immediately in order to reduce inmate sexual misconduct incidents at all institutions in the State.

- The purpose of the program is to encourage acceptable behavior among inmates and to provide a work environment in which staff is not subject to a sexually hostile work environment because of inmate sexual misconduct. This pilot program is designed to discourage inmates from engaging in Indecent Exposure and Sexual Disorderly Conduct.

- The CDCR has identified a need to promote compliance with regulations and policies among inmates that commit Indecent Exposure and Sexual Disorderly Conduct violations. When an inmate deliberately exposes their person, or the private parts thereof, including genitals, buttocks, or breasts to a staff member or inappropriately touches themself under circumstances likely to cause affront, there is a legal mandate requiring a prompt and effective remedial action be taken on the part of CDCR.

- This Plan for the Management of Indecent Exposure and Sexual Disorderly Conduct Incidents will require that inmates found guilty of committing an Indecent Exposure or Sexual Disorderly Conduct offense would be subject to credit and privilege losses including canteen, appliances, and annual and/or quarterly package restrictions in excess of those currently provided for in the CCR, Title 15, Crime Prevention and Corrections. Additionally, inmates found guilty of committing Indecent Exposure or Sexual Disorderly Conduct offenses may also be subject to the assessment of an "R" suffix at the discretion of the classification committee and retention in the Security Housing Unit (SHU).

- Inmates who engage in acts of Indecent Exposure or Sexual Disorderly Conduct will be subjected to Security Measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff. Security Measures are tools used by staff for a determinate period to identify, prevent, and curtail the threatening behavior. There are two kinds of Security Measures, Precautions and Restrictions. Security Precautions are not used as a punishment and should not be confused with disciplinary restrictions. Security Restrictions are applied as a result of a disciplinary action where inmates are afforded due process.

**Text of Proposed Regulations**

**In the following text, underlining indicates adopted or amended text; and strikethrough indicates deleted text.**

**3000. Definitions.**

**Section 3000 is amended to read:**

The definition below is alphabetically merged in the regulations and is adopted to read:

\*
\*
\*

Indecent Exposure means every person who willfully and lewdly, either: exposes his or her person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or, procures, counsels, or assists any person so to expose him or her self or take part in any model artist exhibition, or to make any other exhibition of him or her self to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts.

\*
\*
\*

Sexual Disorderly Conduct means every person who touches, without exposing, his or her genitals, buttocks or breasts in a manner that demonstrates it is for the purpose of sexual arousal, gratification, annoyance, or offense, and that any reasonable person would consider this conduct offensive.

NOTE: Authority cited: Sections 2717.3, 5058, and 5058.3, Penal Code; Section 10115.3(b), Public Contract Code; and Section 4525(a), 4526 and 14837, Government Code. Reference: Sections 186.22, 243, 314, 530, 532, 646.9, 653m, 832.5, 1389, 2080, 2081.5, 2600, 2601, 2700, 2717.1, 2717.6, 2932.5, 4570, 5009, 5054, 5068, and 7000 et seq., Penal Code; Sections 1132.4 and 1132.8, Labor Code; Sections 10106, 10108, 10108.5, 10115, 10115.1, 10115.2,10115.3, and 10127, Public Contract Code; and Section 999, Military and Veterans Code; Section 391, Code of Civil Procedure; *In re*

*Bittaker,* 55 Ca.App. 4th 1004, 64 Cal.Rptr. 2d 679; and Section 11007, Health and Safety Code.

## 3315. Serious Rule Violations.

**Subsections 3315(a) through (e) are unchanged.**

(f) Disposition. Upon completion of the fact-finding portion of the disciplinary hearing, the inmate may be found:

**Subsection 3315(f)(1) through (f)(5)(K) is unchanged.**

(5) The disposition may or when mandated shall include assessment of one or more of the following:

**New subsection 3315(f)(5)(L), (L) 1 and (L)2 is adopted to read:**

(L)   Violation of Indecent Exposure or Sexual Disorderly Conduct of sections 3007, 3323(d)(7), 3323(f)(5), and 3323(g)(8) shall result in:

1.  First offense violation shall result in loss of any or all of the following for up to 90 days: canteen, appliances, vendor packages, telephone privileges, and personal property.

2.  Second offense and subsequent offense violation(s) shall result in loss of any or all of the following for up to 180 days: canteen, appliances, vendor packages, telephone privileges, and personal property.

**Subsection 3315(g) is unchanged.**

**The Note Section is amended to read:**

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 295–300.3, 314, 530, 532, 646.9, 647, 653m, 2931, 2932, 2933, 4573.6, 5054, 5068 and 12020, Penal Code.

**3323. Disciplinary Credit Forfeiture Schedule.**

**Subsections 3323(a) through 3323(d)(6) are unchanged.**

**New subsection 3323(d)(7) is adopted to read:**

(7) Indecent Exposure with prior court conviction under PC 314 or PC 288.

**Existing subsection 3323(d)(7) through 3323(d)(8) are renumbered to 3323(d)(8) through 3323(d)(9) respectively, and is unchanged.**

(78) Any felony not involving violence or the use of a weapon not listed in this schedule.

(89) Conspiracy to commit any Division "B" offense.

**Subsections 3323(e) through 3323(f)(4) are unchanged.**

**Subsection 3323(f)(5) is amended to read:**

(5) Indecent Exposure without a prior court conviction under PC 314 or PC 288.

**Subsections 3323(f)(6) through 3323(g)(7) are unchanged.**

**New subsection 3323(g)(8) is adopted to read:**

(8) Sexual Disorderly Conduct.

**Existing subsection 3323(g)(8) through 3323(g)(9) is renumbered to 3323(g)(9) through 3323(g)(10) respectively, and is unchanged.**

(89) Commission of any misdemeanor offense not listed in this schedule and not specified as administrative in section 3314.

(910) Conspiracy to commit any Division "E" offense.

**Subsections 3323(h) through 3323(k) are unchanged.**

**The Note Section is amended to read:**

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 148, 243, 295–300.3, 314, 647, 2932, 2933, 4573.6, 4600, 5054 and 12020, Penal Code.


**3341.5. Segregated Program Housing Units.**

**Subsections 3341.5 (a) through (c)(9)(J) are unchanged.**

(9) SHU Term Assessment Chart (fixing of determinate confinement to SHU).

| OFFENSE | TYPICAL TERM (Mos) | | |
|---|---|---|---|
| | Low | Expected | High |
| (A) Homicide: | | | |
| 1. Murder, attempted murder, solicitation of murder, or voluntary manslaughter of a non-inmate. | (36 | 48 | 60) |
| 2. Murder, attempted murder, solicitation of murder, or voluntary manslaughter of an inmate. | (15 | 26 | 36) |
| (B) Violence Against Persons: | | | |
| 1. Assault on a non-inmate with a weapon or physical force capable of causing mortal or serious injury. | (09 | 28 | 48) |
| 2. Assault on an inmate with a weapon or physical force capable of causing mortal or serious injury. | (06 | 15 | 24) |
| 3. Assault on a non-inmate with physical force insufficient to cause serious injury. | (06 | 12 | 18) |
| 4. Assault on an inmate with physical force insufficient to cause serious injury. | (02 | 03 | 06) |
| 5. Throwing a caustic substance on a non-inmate. | (02 | 03 | 04) |
| (C) Threat to Kill or Assault Persons: | | | |
| 1. Use of non-inmate as hostage. | (18 | 27 | 36) |
| 2. Threat to a non-inmate. | (02 | 05 | 09) |
| 3. Threat to an inmate. | (02 | 03 | 04) |
| (D) Possession of a Weapon: | | | |
| 1. Possession of a firearm or explosive device. | (18 | 27 | 36) |
| 2. Possession of a weapon, other than a firearm or explosive device which has been manufactured or modified so as to have the obvious intent or capability of inflicting traumatic injury, and which is under the immediate or identifiable control of the inmate. | (06 | 10 | 15) |
| (E) Trafficking in Drugs: | | | |
| Distributing controlled substances in an institution or camp or causing controlled substances to be brought into an institution or camp for the purpose of distribution. | (06 | 09 | 12) |
| (F) Escape With Force or Attempted Escape with Force. | (09 | 16 | 24) |
| (G) Disturbance, Riot, or Strike: | | | |
| 1. Leading a disturbance, riot, or strike. | (06 | 12 | 18) |
| 2. Active participation in, or attempting to cause conditions likely to threaten institution security. | (02 | 04 | 06) |
| (H) Harassment of another person, group, or entity either directly or indirectly through the use of the mail or other means. | (06 | 12 | 18) |
| (I) Arson, Theft, Destruction of Property: Theft or | | | |

Indecent Exposure          January 10, 2007                    4

destruction of State property where the loss or
potential loss exceeds $10,000 or threatens the
safety of others.                                    (02        08        12)
(J) Extortion and Bribery:  extortion or bribery of a
non-inmate.                                          (02        06        09)

**New subsection 3341.5(c)(9)(K) is adopted to read:**

(K) Sexual Misconduct
1.  Indecent Exposure                                (3         06        09)
2.  Sexual Disorderly Conduct (two or more offenses
within a twelve month period)                        (3         06        09)

**Existing subsection 3341.5(c)(9)(K) through 3341.5(c)(9)(L) is renumbered to
3341.5(c)(9)(L) through 3341.5(c)(9)(M) respectively and is unchanged.**

(LK) Except as otherwise specified in this section,
proven attempts to commit any of the above listed
offenses shall receive one-half (1/2) of the term
specified for that offense.
(ML) Any inmate who conspires to commit any of the
offenses above shall receive the term specified
for that offense.

**Subsection 3341.5(c)(10) through 3341.5(c)(10)(B) is unchanged.**

**The Note Section is amended to read:**

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 314, 5054 and
5068, Penal Code; *Sandin* v. *Connor* (1995) 515 U.S. 472; *Madrid* v. *Gomez* (N.D. Cal.
1995) 889 F.Supp. 1146; *Toussaint* v. *McCarthy* (9th Cir. 1990) 926 F.2d 800; *Toussaint*
v. *Yockey* (9th Cir. 1984) 722 F.2d 1490; and *Castillo* v. *Alameida, et al.,* (N.D. Cal., No.
C94-2847).

**INITIAL STATEMENT OF REASONS:**

This action amends and adopts provisions governing the inmate indecent exposure within the California Department of Corrections and Rehabilitation (CDCR). California Code of Regulations (CCR), Sections 3000, 3315, 3323, and 3341.5 are being amended as a result of a Court decision in the case of *Freitag vs. California Department of Corrections and Rehabilitation*, Case No. CV-00-02278-TEH, U.S. Court of Appeals for the Ninth Circuit. The original Indecent Exposure Program was implementation through a 24-month Pilot Program at Pelican Bay State Prison by Order Granting Injunctive Relief, U. S. Northern District Court Citation No. C00-2278-TEH (EDL). Judge Henderson, has stressed that a statewide rollout of the Program must be implemented immediately in order to reduce inmate sexual misconduct incidents at all institutions in the State.

The purpose of the program is to encourage acceptable behavior among inmates and to provide a work environment in which staff is not subject to a sexually hostile work environment because of inmate sexual misconduct. This pilot program is designed to discourage inmates from engaging in Indecent Exposure and Sexual Disorderly.

The CDCR has identified a need to promote compliance with regulations and policies among inmates that commit Indecent Exposure and Sexual Disorderly Conduct violations. When an inmate deliberately exposes his or her person, or the private parts thereof, including genitals, buttocks, or breasts to a staff member or inappropriately touches his or her self under circumstances likely to cause affront, there is a legal mandate requiring a prompt and effective remedial action be taken on the part of CDCR. This Plan for the Management of Indecent Exposure and Sexual Disorderly Conduct Incidents will require that inmates found guilty of committing an Indecent Exposure or Sexual Disorderly Conduct offense would be subject to credit and privilege losses including canteen, appliances, and annual and/or quarterly package restrictions in excess of those currently provided for in the CCR, Title 15, Crime Prevention and Corrections. Additionally, inmates found guilty of committing Indecent Exposure or Sexual Disorderly Conduct offenses may also be subject to the assessment of an "R" suffix at the discretion of the classification committee and retention in the Security Housing Unit (SHU).

Inmates who engage in acts of Indecent Exposure or Sexual Disorderly Conduct will be subjected to Security Measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff. Security Measures are tools used by staff for a determinate period to identify, prevent, and curtail the threatening behavior.

There are two kinds of Security Measures, Precautions and Restrictions. Security Precautions are not used as a punishment and should not be confused with disciplinary restrictions. Security Restrictions are applied as a result of a disciplinary action where inmates are afforded due process.

The Department has determined that no reasonable alternatives to the regulations have been identified or brought to the attention of the Department that would lessen any adverse impact on small business.

The Department has made an initial determination that the action will not have a significant adverse economic impact on business. Additionally, there has been no testimony or other evidence provided that would alter the Department's initial determination.

The Department has determined that this action imposes no mandates on local agencies or school districts, or a mandate, which requires reimbursement pursuant to Part 7 (Section 17561) of Division 4.

The Department must determine that no alternative considered would be more effective in carrying out the purpose of this action or would be as effective, and less burdensome to affected private persons than the action proposed.

**Section 3000 is amended** to incorporate the word definition for Indecent Exposure and Sexually Disorderly Conduct. PC Section 314 is the basis for the Indecent Exposure definition. It is necessary for this language to be placed in the CCR for clarity and ease of understanding for correctional staff for expedited reference and an explanation specific to inmate behavior regarding indecent exposure. The definition for Sexually Disorderly Conduct was extracted from various sections within the PC and within the *Freitag* Stipulated Agreement ordered by Federal Judge Henderson. These definitions are necessary to endure that the behavior regarding indecent exposure and sexually disorderly conduct are clear as not to be confused with other behavior issues. The Note Section of the CCR has been amended to include PC 314 and 647(a) regarding the definition of Indecent Exposure and Sexually Disorderly Conduct.

**Subsection 3315(a) through (f)(5)(K) are unchanged.**

**Subsection 3315(f)(5)(L), (L)1 and (L)2 is adopted** to include indecent exposure or sexually disorderly conduct to the list of misconduct that shall be reportable as a serious rule violation. The specific acts of indecent exposure or sexual disorderly conduct are in violation of section 3007, Sexual Behavior rule violation. Sections 3323(d)(7), (f)(5) and (g)(8) are used to provide staff the parameters of disposition that can be assessed for that offense as a result of a finding of guilt. This section describes the specific loss of privileges for first, second and subsequent offense violation that include the loss of any or all of the following: loss of canteen, loss of appliances, annual and/or vendor packages, telephone privileges and loss of personal property. The first, second and subsequent offense violation(s) shall result in the same privilege loss as above for 90 days and up to 180 days, respectively. This loss of privilege is necessary to provide incentive for proper inmate behavior.

**Subsection 3315(g) is unchanged.**

**The Note Section is amended** to add Penal Code Sections 314 and 647(a) as references regarding Indecent Exposure and Sexually Disorderly Conduct.

**Subsections 3323(a) through 3323(d)(6) are unchanged.**

**New subsection 3323(d)(7) is adopted** to include Indecent Exposure with a prior court conviction under PC 314 or PC 288 is to be classified as a Division "B" offense. Including this offense, as defined in Section 3000, in this subsection will aid staff in correctly classifying Indecent Exposure with a prior court conviction as a Division "B" offense. Inmates who engage in acts of Indecent Exposure will be subjected to security measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff.

**Existing subsection 3323(d)(7) through 3323(d)(8) is renumbered to 3323(d)(8) through 3323(d)(9) respectively, and is unchanged.**

**Subsections 3323(e) through 3323(f)(4) is unchanged.**

**Subsection 3323(f)(5) is amended** to specify that Indecent Exposure without a prior court conviction under PC 314 or PC 288 is included as a Division "D" offense. Including this offense, as defined in Section 3000, in this subsection will aid staff in correctly classifying Indecent Exposure without a prior court conviction as a Division "D" offense. Inmates who engage in acts of Indecent Exposure will be subjected to security measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff.

**Subsections 3323(f)(6) through 3323(g)(7) are unchanged.**

**New Subsection 3323(g)(8) is adopted** to specify that sexual disorderly conduct, as defined in Section 3000, is included as a Division "E" offense. Including this offense in this subsection will aid staff in correctly classifying sexual disorderly conduct as a Division "E" offense. Inmates who engage in acts of Sexual Disorderly Conduct will be subjected to security measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff.

**Existing subsection 3323(g)(8) through 3323(g)(9) is renumbered to 3323(g)(9) through 3323(g)(10) respectively, and is unchanged.**

**Subsections 3323(h) through 3323(k) are unchanged.**

**The Note Section is amended to** add Penal Code Section 314 as a reference regarding Indecent Exposure and Sexually Disorderly Conduct.

**Subsections 3341.5(a) through 3341.5(c)(9)(J) are unchanged.**

**New subsection 3341.5(c)(9)(K) is adopted** to include the category of Sexual Misconduct, in the Segregated Housing Unit (SHU) Term Assessment Chart. Sexual Misconduct includes Indecent Exposure and Sexual Disorderly Conduct (with two or more offenses within a twelve month period). The typical SHU term will be fixed as follows: Low – 3 months, Expected – 6 months and High – 9 months terms. The SHU term shall be set at the expected range unless a classification committee finds factors exist which warrant the imposition of a lesser or greater period of confinement.

**Existing subsection 3341.5(c)(9)(K) through 3341.5(c)(9)(L) is renumbered to 3341.5(c)(9)(L) through 3341.5(c)(9)(M) respectively, and is unchanged.**

**Subsection 3341.5(c)(10) through 3341.5(c)(10)(B) is unchanged.**

**The Note Section is amended to** add Penal Code Section 314 as a reference regarding Indecent Exposure and Sexually Disorderly Conduct.

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

$ 02.02⁰
0004217656    JUL 23, 2008
02  1M
MAILED FROM ZIP CODE 95531

PBSP; P.O. Box 7500
Crescent City, CA 95532--7500

RECEIVED
JUL 25 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL