IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. BAKER,<br><br>      Plaintiff,<br><br>  v.<br><br>WARDEN ROBERT HOREL, et al.,<br><br>      Defendants.<br>_____ | No. C 08-3592 CW (PR)<br><br>ORDER OF SERVICE |

## INTRODUCTION

Plaintiff Reginald Baker is a state prisoner incarcerated at Pelican Bay State Prison (PBSP). He has filed this civil rights action under 42 U.S.C. § 1983. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this Court because the injuries complained of occurred at PBSP in Del Norte County, which is located within the Northern District of California. See 28 U.S.C. §§ 84(a), 1391(b).

## BACKGROUND

Plaintiff alleges that PBSP officials wrongfully deprived him of personal property and also violated his First Amendment rights. Specifically, on September 25, 2007, PBSP Correctional Captain C. Ducart signed a "Notice of Disapproval" from PBSP's "Receiving and Release," which refused to allow Plaintiff to possess two "art books," which he "in good faith, ordered through his family." (Compl. at 3.) Plaintiff alleges the books contained "drawings of fictional characters, not real people." (Compl., Ex. B at 8.) PBSP prison officials allege that the books contained "frontal nudity," including "drawings of women with exposed breasts" on

three pages of one book and "drawings of women's breasts, genitalia, and various sexual explicit images" on five pages of another book. (Compl., Ex. D at 14.) Plaintiff claims that he asked the officers to remove the pages containing nudity from both books, but they refused to do so. (Compl., Ex. B. at 10.) Plaintiff sought permission to receive these books, using an inmate grievance form, but his request was denied at all three levels of administrative review.

Plaintiff names the following Defendants: California Department of Corrections and Rehabilitation (CDCR) Secretary M. Cate, Chief of the Inmate Appeals Branch N. Grannis, Appeals Examiner J. Hutchins, PBSP Warden R. Horel, PBSP Associate Warden M. Yax, PBSP Correctional Captain C. Ducart and PBSP Correctional Sergeant S. Bradley. In this action, he seeks to enjoin the CDCR from enforcing the regulation preventing his possession of the art books, to propose an amendment to the regulation "for exceptions regarding art material," to be reimbursed for the books that were destroyed and to be awarded "any other damages the Court sees fit to order." (Compl. at 4.)

DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

2

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

II.   Legal Claims

   A.   Deprivation of Property Claim

When a prisoner suffers a property loss under the authority of state law, a due process claim may be stated. That is, where the confiscation is made by officials acting under the apparent authority of state procedures, regulations or statutes designed to control the actions of state officials, due process requires a meaningful hearing on the matter. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); Armendariz v. Penman, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc). Here, Plaintiff was deprived of his property because it met the state definition of prison contraband; therefore, the deprivation occurred under the authority of state law.

When a prisoner suffers a property loss that is random and unauthorized his remedy lies with the state, as neither the negligent nor intentional deprivation of property states a due process claim under § 1983 under such circumstances. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds,

3

Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, for example a state tort action, precludes relief because it provides adequate procedural due process. King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. See Logan, 455 U.S. at 435-37. Parratt does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001); Armendariz, 31 F.3d at 866. In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,' . . . for a hearing appropriate to the nature of the case.'" Logan, 455 U.S. at 437.

    Here, it is clear from the complaint that Plaintiff was provided with a meaningful hearing and an opportunity to express his views with respect to the property's confiscation.[1] Accordingly, Plaintiff's deprivation of property claim is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

---

[1] The hearing need not always be prior to deprivation, as "the necessity of quick action by the state or the impracticability of any pre-deprivation process" are important considerations. See Logan, 455 U.S. at 436 (quoting Parratt, 451 U.S. at 539); Armendariz, 31 F.3d at 866 (summary governmental action taken in emergencies and designed to protect public health, safety and welfare do not violate due process).

4

B.   First Amendment Claim

Plaintiff asserts that Defendants' refusal to allow him access to his art books violated his First Amendment right to freedom of speech. A prison inmate retains those First Amendment rights not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Regulations affecting prisoners' access to publications are valid if they are reasonably related to legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

In Turner, the Supreme Court identified four factors to consider when determining whether a regulation is reasonably related to legitimate penological interests: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives", or, in other words, whether the rule at issue is an "exaggerated response to prison concerns." Turner, 482 U.S. at 89-90. A regulation restricting certain publications is "neutral" if prison administrators draw distinctions between publications solely on the basis of their potential implications for prison security. See, e.g., Mauro v. Arpaio, 188 F.3d 1054, 1059-60 (9th Cir. 1999) (en banc) (ban on

"sexually explicit materials . . . that show frontal nudity" expressly aimed at maintaining jail security, rehabilitating inmates and reducing sexual harassment of female detention officers found "neutral" because jail administrators drew distinction between materials solely on the basis of the materials' potential effect on the jail's legitimate objectives). Conversely, regulations to be viewed with caution include those which categorically prohibit access to a broad range of materials, or "fairly invite prison officials and employees to apply their own personal prejudices and opinions as standards for [] censorship." Thornburgh, 490 U.S. at 416 n.14 (citation omitted); see, e.g., Pepperling v. Crist, 678 F.2d 787, 790 (9th Cir. 1982) (prison officials may not capriciously apply blanket regulation prohibiting sexually explicit magazines).

The parties dispute whether the books in question are subject to the "art material" exception to the prison regulation. Furthermore, there could have been other "ready alternatives" to forfeiture of these types of books, for example, allowing inmates to agree to the removal of offensive pages as opposed to forfeiting the entire book. As mentioned above, Plaintiff alleges that he asked the officers to remove the pages containing nudity instead of forfeiting the entire book, but they refused to do so. Thus, Plaintiff's allegations, when liberally construed, state a cognizable First Amendment claim against Defendant Ducart. See Thornburgh, 490 U.S. at 413 (holding prison regulations limiting inmates' access to publications or other information must be reasonably related to legitimate penological interests).

6

C. Claim Relating to Grievance Process

Plaintiff also alleges that Defendants Bradley, Yax, Horel, Hutchins and Grannis, who reviewed Plaintiff's appeals, did not remedy the alleged constitutional violation. Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Plaintiff has therefore failed to state a claim against Defendants Bradley, Yax, Horel, Hutchins and Grannis relating to the grievance process. Accordingly, Plaintiff's claim against these Defendants relating to the grievance process is DISMISSED with prejudice.

D. Supervisory Liability Claim

In addition to naming Defendants Ducart, Bradley, Yax, Horel, Hutchins and Grannis, Plaintiff also names CDCR Secretary M. Cate in his supervisory capacity. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). Here, Plaintiff has alleged neither.

Accordingly, Plaintiff's supervisory liability claim against Defendant Cate is DISMISSED with leave to amend. Plaintiff may file an amendment to the complaint alleging supervisory liability under the standards explained above.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's deprivation of property claim is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff has stated a cognizable First Amendment claim against Defendant Ducart.

3. Plaintiff's claim against Defendants Bradley, Yax, Horel, Hutchins and Grannis relating to the grievance process is DISMISSED with prejudice.

4. Plaintiff's supervisory liability claim against Defendant Cate is DISMISSED WITH LEAVE TO AMEND as indicated above.

5. Within <u>thirty (30) days</u> of the date of this Order Plaintiff may file an amended supervisory liability claim against Defendant Cate as set forth above in Section II(C) of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of the supervisory liability claim against Defendant Cate.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>Correctional Captain C. Ducart at PBSP</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7. Defendant is cautioned that Rule 4 of the Federal Rules

8

of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

8. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than <u>ninety (90) days</u> from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion

9

that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than <u>sixty (60) days</u> after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

10

(party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.  If Defendant wishes to file a reply brief, he shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

11.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

12.  Extensions of time are not favored, though reasonable

extensions will be granted. Any motion for an extension of time must be filed no later than fifteen (15) days prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 7/7/09

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

REGINALD L. BAKER,

        Plaintiff,

  v.

M. CATE et al,

        Defendant.

Case Number: CV08-03592 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reginald L. Baker F-24891
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: July 7, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.08\Baker3592.service.frm    13